(No. 76-CV-0484)

IN RE APPLICATION OF GBOLAHAN R. AJAYI

*Order filed January 29, 1978.*

POCH, J.

This claim arises out of a criminal offense which occurred on or about the eighth day of September, 1975. Claimant seeks compensation pursuant to the applicable provisions of Ill. Rev. Stat., Ch. 70, Sec. 71, et. seq. ("Crime Victims Compensation Act", hereinafter referred to as the Act).

The claim was filed on or about the 26th day of November, 1975. Thereafter, based upon the investigatory report submitted by the Attorney General of the State of Illinois and the other documentary evidence, the Court rendered its opinion on or about the 28th day of July, 1978. Claimant filed his objection to said opinion and requested a full hearing on the merits.

The hearing was conducted by Commissioner Leo J. Spivack on the 25th day of October, 1978, at Chicago, Illinois. As a result of said hearing the following facts were established by a preponderance of the evidence:

(1) Claimant, Gbolahan R. Ajayi, was a victim of a violent crime, as defined in Section 2(c) of the Act, to-wit: "Aggravated Battery."

(2) Claimant has complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

(3) Claimant incurred no medical and/or hospital expenses, all having been paid or reimbursed by insurance.

(4) Claimant had been employed for one week prior to the crime and his earnings for said week were about $300.00. Prior to the said date of crime, to-wit: September 8, 1975, Claimant had been unemployed for a period of about seven months, having been last employed on February 18, 1975.

(5) Claimant was disabled from September 8, 1975, to January, 1976, at which time he matriculated as a full-time student at Northwestern University.

(6) As a result of the occurrence, Claimant received the following deductible benefits:

(a) Industrial Commission Award $5,000.00

(b) Disability benefits from his employer, at the rate of $571.00 monthly 6,952.18

Total: $11,952.18

which said deductible benefits exceed any possible award payable under the Act.

It is hereby ordered that based upon the finding of fact the Order of July 28, 1978, will remain in full force and effect inasmuch as the deductible benefits already received by Claimant exceed any award to which he would be entitled under the Act.